| WALTZER, Judge.
STATEMENT OF THE CASE
On 17 November 1997, appellant Clifton Drummer was charged with simple burglary, a violation of La. R.S. 14:62. After a hearing on 21 January 1998, the trial court found probable cause and denied defense motions to suppress the statement, identification and evidence. On 13 August 1998, trial was held and a jury found the appellant guilty as charged. A multiple bill proceeding was held on 9 and 13 October 1998, at which the court found the appellant to be a second offender. The court then sentenced the appellant to six years at hard labor under the multiple bill, to run concurrently with any other sentence. The defense motion to reconsider the sentence was denied. The defense motion for appeal was granted.
STATEMENT OF THE FACTS
On 5 August 1997, at about 1:00 p.m., Ms. Rhonda Daniels went to her shed to wash clothes. When she got there, she noticed that the latch was broken, the lock was missing, and the door to the shed was open. She also noticed that an antique heater was no longer in the shed. She looked first in a vacant lot near her house, then questioned her next door neighbor, who was related to the appellant. | ¡>,Ms. Daniels then went into her house to call her mother and the police. When she went inside, she heard. a truck start up, then saw the appellant, Clifton Drummer, carrying her heater in the alleyway. She ran outside and “decked him a couple of times.”
The appellant said he was sorry, then started to put it back in the shed; but Ms. Daniels told him to just put it down on her porch instead. She told him to wait until the police arrived, but the appellant ran to his truck and drove away.
Ms. Daniels admitted that she never saw the appellant inside her shed or on her property. The alleyway where she first saw the appellant belonged to her neighbor.
Officer Kermit Roberson responded to the call. He stopped the appellant’s truck about two blocks away from the scene of the burglary, near a crowd of people that had gathered. Officer Roberson ordered the appellant and a passenger out of the vehicle and took them to the scene. Ms. Daniels identified the appellant as the person she saw carrying her antique heater. The appellant testified that he was sorry for what happened. He also told the offi *612 cer that his passenger had no involvement in the incident.
ERRORS PATENT REVIEW
A review of the record for errors patent indicates that there were none.
FIRST ASSIGNMENT OF ERROR: The evidence was insufficient to sustain conviction for simple burglary.
The standard of appellate review for sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the prosecution, any rational latrier of fact could have found that the State proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Either direct or circumstantial evidence may prove the essential elements of the crime. With circumstantial evidence the rule is: “assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.” La. R.S. 15:438. Ultimately, to support a conviction, the evidence, whether direct or circumstantial or both, must be sufficient under Jackson to satisfy any rational trier of fact that the defendant is guilty beyond a reasonable doubt. State v. Sutton, 436 So.2d 471 (La.1983). Specific intent may be inferred from circumstances and the defendant’s actions. State v. Smith, 94-2588 (La.App. 4 Cir. 3/27/96), 672 So.2d 1034. Credibility determinations are within the discretion of the trier of fact and will not be disturbed unless clearly contrary to the evidence. State v. Vessell, 450 So.2d 938, 943 (La.1984).
Simple burglary is the unauthorized entering of any structure with the intent to commit a felony or any theft therein. La. R.S. 14:62.
In the instant case, the appellant was observed carrying away an antique heater which belonged to the complainant. He was observed in the alleyway next to her house, though the alleyway was not a part of her property. The complainant found the latch broken, the lock removed, and the door open to the shed where the heater had been stored. The complainant testified that, on the night before the incident, she observed that the heater was in the shed, and the door to the shed was locked. When confronted by the complainant, the appellant apologized and replaced the heater. He told the arresting officer that he took the heater from his mother’s yard, and that the passenger in his truck was not involved.
|4The appellant notes various inconsistencies in the complainant’s story. First, the complainant testified at the pre-trial hearing that she was in the shed the day before the incident, but testified at trial that she was in the shed the night before. This inconsistency is insignificant under the facts of this case. Second, the complainant testified at the pre-trial hearing that the appellant made no statements. At trial, she testified that the appellant told her he was sorry, that he did not know that it was her heater. In this case, the complainant may not have understood that a statement could mean any comment by the appellant. The appellant discusses other discrepancies in the complainant’s testimony, relative to the alleyway and whether the appellant was running or walking fast; however, these facts are immaterial.
The appellant further notes that his statement to the officer, and to the complainant, that he did not know that the heater was hers, was not inculpatory. Rather, the appellant told the officer that he got the heater from the back of his mother’s house. The appellant suggests that the State should have produced a witness to counter his contention. Rather, once the State produced the owner of the heater, the appellant should have produced a witness to support his contention that he thought the heater was one given to him.
The appellant is correct, however, that this case is circumstantial. The State proved, with photographs and direct testimony, that someone broke into the com *613 plainant’s shed between the night before and the day of the incident. The State further proved that the appellant was observed in the alleyway next to the complainant’s house carrying the antique heater which was removed from the complainant’s shed during or after the break-in.
|5The circumstances indicate that either: (1) the appellant broke into the shed and stole the heater; (2) someone else broke into the shed and removed the heater but inexplicably left it in the area where the appellant found it there and was carrying it to his truck when he was stopped; or (3) someone else broke into the shed and stole the heater, then sold it or gave it to the appellant who coincidentally went back to the alleyway next to the complainant’s home with it. A rational trier of fact could have found that only the first hypothesis was reasonable under these circumstances.
This assignment is thus without merit.
SECOND ASSIGNMENT OF ERROR: The trial court erred in having failed to give appellant fifteen days to file objections to the multiple bill as required by La.R.S. 15:529.1 D.
Appellant did not make a contemporaneous objection to this alleged error. It was therefore not preserved for appellate review. La.C.Cr.P. art. 841.
In any event, the multiple bill of information was filed no later than 9 October 1998, the date of the first hearing on the issue. Defense counsel objected to the predicate offense, a federal offense for which there is no comparable state offense. The hearing was recessed until 23 October 1998, to give counsel an opportunity to research the issue. Thus, if there was any error in the court’s failure to grant fifteen days prior to the first hearing, the appellant was not prejudiced.
This assignment is without merit.
THIRD ASSIGNMENT OF ERROR: The trial court erred in having failed to file written reasons for its multiple offender finding as required by La.R.S. 15:529.1 D(3).
As with the previous assignment of error, no contemporaneous objection was made to this alleged error. It was therefore not preserved for appellate review. La.C.Cr.P. art. 841.
.[9] In addition, the court gave oral reasons for its determination as to the multiple offender proceeding, which reasons were transcribed and made a part of the record. Accordingly, as with the second assignment, if there was any error in the court’s failure to provide written reasons, the appellant was not prejudiced thereby.
This assignment is without merit. CONCLUSION
For the foregoing reasons, appellants convictions and sentences are affirmed.
CONVICTIONS AND SENTENCES AFFIRMED.